| | |
|---|---|
| 1 | **BRODSKY & SMITH** |
| 2 | Evan J. Smith, Esquire (SBN 242352) |
|   | esmith@brodskysmith.com |
| 3 | Ryan P. Cardona, Esquire (SBN 302113) |
|   | rcardona@brodskysmith.com |
| 4 | 9595 Wilshire Boulevard, Suite 900 |
|   | Beverly Hills, CA 90212 |
| 5 | Phone: (877) 534-2590 |
|   | Facsimile: (310) 247-0160 |
| 6 | *Attorneys for Plaintiff* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN CATALDI, | Case No.: |
| Plaintiff, | **Complaint For:** |
| vs. | (1) Violation of § 14 (e) of the Securities Exchange Act of 1934 |
| ROMEO POWER, INC., SUSAN BRENNAN, LAUREN WEBB, ROBERT MANCINI, PHILIP KASSIN, DONALD GOTTWALD, LAURENE HORISZNY, TIMOTHY STUART, and PAUL WILLIAMS, | (2) Violation of § 14 (d) of the Securities Exchange Act of 1934 |
|  | (3) Violation of § 20(a) of the Securities Exchange Act of 1934 |
|  | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff, Kathleen Cataldi ("Plaintiff"), by and through her attorneys, alleges upon information and belief, except for those allegations that pertain to her, which are alleged upon personal knowledge, as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff brings this stockholder action against Romeo Power, Inc. ("Romeo" or the "Company") and the Company's Board of Directors (the "Board" or the "Individual Defendants,", collectively with the Company, the "Defendants"), for violations of Sections 14(a) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") as a result of Defendants' efforts to sell the Company to Nikola Corporation ("Parent") through merger vehicle J Purchaser Corp.

("Purchaser") (collectively with "Parent", "Nikola") as a result of an unfair process, and to enjoin an upcoming tender offer (the "Proposed Transaction").

2. The terms of the Proposed Transaction were memorialized in an August 1, 2022, filing with the Securities and Exchange Commission ("SEC") on Form 8-K attaching the definitive Agreement and Plan of Merger (the "Merger Agreement").

3. Under the terms of the Merger Agreement, Nikola and Romeo will merge with shareholders of Romeo receiving 0.1186 of a share of Nikola in exchange for each share of Romeo. As a result, Romeo will become an indirect wholly-owned subsidiary of Nikola.

4. On August 29, 2022, Romeo filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC in support of the Proposed Transaction.

5. The Proposed Transaction is unfair for a number of reasons. It appears the Individual Defendants have entered into the Proposed Transaction to procure significant and immediate benefits that Plaintiff, as a public stockholder, will not receive. For instance, pursuant to the terms of the Merger Agreement, upon the consummation of the Proposed Transaction, Company Board Members and executive officers will be able to exchange all Company equity awards for the merger consideration.

6. The Proposed Transaction contains no material projection data for Nikola, despite the form of consideration in this transaction being the shares which will be exchanged.

7. Defendants caused to be filed the materially deficient Recommendation Statement with the SEC in an effort to solicit Plaintiff to tender her Romeo shares in favor of the Proposed Transaction. The Recommendation Statement is materially deficient, deprives Plaintiff of the information necessary to make an intelligent, informed and rational decision of whether to tender in favor of the Proposed Transaction, and is thus in violation of the Exchange Act.

8. The Recommendation Statement omits and/or misrepresents material information concerning, among other things: (a) the sales process and in particular certain conflicts of interest for management; (b) the financial projections for Romeo, provided by Romeo to the Company's

financial advisors Morgan Stanley & Co. LLC ("Morgan Stanley"); and (c) the data and inputs underlying the financial valuation analyses, if any, that purport to support the fairness opinions created by Morgan Stanley and provided to the Company and the Board.

9. Accordingly, this action seeks to enjoin the Proposed Transaction. Absent judicial intervention, the Proposed Transaction will be consummated, resulting in irreparable injury to Plaintiff. This action seeks to enjoin the Proposed Transaction.

## PARTIES

10. Plaintiff is a citizen of Connecticut and, at all times relevant hereto, has been a Romeo stockholder.

11. Defendant Romeo is an energy storage technology company, designs and manufactures lithium-ion battery modules and packs for vehicle electrification in North America. Shares of Romeo common stock are traded on the New York Stock Exchange under the symbol "RMO". Romeo is incorporated under the laws of the State of Delaware and has its principal place of business at 5560 Katella Avenue, Cypress, CA 90630.

12. Defendant Susan Brennan ("Brennan") has been a Director of the Company at all relevant times. In addition, Brennan serves as the Company's Chief Executive Officer ("CEO") and President.

13. Defendant Lauren Webb ("Webb") has been a director of the Company at all relevant times.

14. Defendant Robert Mancini ("Mancini") has been a director of the Company at all relevant times.

15. Defendant Philip Kassin ("Kassin") has been a director of the Company at all relevant times.

16. Defendant Donald Gottwald ("Gottwald") has been a director of the Company at all relevant times.

17. Defendant Laurene Horiszny ("Horiszny") has been a director of the Company at all relevant times.

18. Defendant Timothy Stuart ("MacPhee") has been a director of the Company at all relevant times.

19. Defendant Paul Williams ("Williams") has been a director of the Company at all relevant times.

20. Defendant Anna S. Richo ("Richo") has been a director of the Company at all relevant times.

21. Defendants identified in ¶¶ 12 - 20 are referred to as the "Individual Defendants."

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act. This action is not a collusive one to confer jurisdiction on a court of the United States, which it would not otherwise have. The Court has supplemental jurisdiction over any claims arising under state law pursuant to 28 U.S.C. § 1367.

23. Personal jurisdiction exists over each defendant either because the defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

24. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Romeo maintains its principal offices in this district, and each of the Individual Defendants, as Company officers or directors, has extensive contacts within this District.

## SUBSTANTIVE ALLEGATIONS

*Company Background*

25. Romeo is an energy storage technology company, designs and manufactures lithium-ion battery modules and packs for vehicle electrification in North America. The Company was founded in 2014 and is headquartered in Vernon, California.

26. The Company's most recent financial performance press release, revealing financial results from the quarter preceding the announcement of the Proposed Transaction, indicated sustained and solid financial performance. For example, in the March 31, 2022 press release announcing its 2022 Q1 financial results, the Company highlighted such milestones as total revenues of $11.6 million and a substantial increase in delivery levels.

These positive results are not an anomaly, but rather, are indicative of a trend of continued financial success and future potential success by Romeo. Despite this upward trajectory and continually increasing financial results, the Individual Defendants have caused Romeo to enter into the Proposed Transaction without providing requisite information to Romeo stockholders such as Plaintiff.

*The Flawed Sales Process*

27. The Recommendation Sheet fails to disclose whether a committee of disinterested directors was appointed to run the sale process, and if so, the specific powers that committee had in evaluating a potential transaction.

28. In addition, the Recommendation Statement is silent as to the nature of the confidentiality agreements entered into between the Company and potentially interested third parties, including Nikola, throughout the sales process, if any, and whether these agreements differ from each other, and if so in what way. The Recommendation Statement also fails to disclose all specific conditions under which any standstill provision contained in any entered confidentiality agreement entered into between the Company and any potentially interested third parties, including Nikola, throughout the sales process, if any, would fall away.

29. The Recommendation statement fails to include a collar mechanism, despite the consideration in this transaction being dependent upon the shares being exchanged.

30. Thus, the overall sales process was conducted in an inappropriate and misleading manner.

*The Proposed Transaction*

31. On August 1, 2022, Romeo and Nikola issued a joint press release announcing the Proposed Transaction. The press release stated, in relevant part:

> **PHOENIX, Aug. 1, 2022 /PRNewswire/ --** Nikola Corporation (NASDAQ: NKLA), and Romeo Power, Inc. (NYSE: RMO), today announced they have entered into a definitive agreement in which Nikola, a global leader in zero-emissions transportation and energy infrastructure solutions, will acquire Romeo, an energy technology leader delivering advanced electrification solutions for complex commercial vehicle applications, in an all-stock transaction. The proposed exchange ratio implies a consideration of $0.74 per Romeo share and represents an approximately 34% premium to Romeo's July 29, 2022 closing share price and values 100% of Romeo's equity at approximately $144 million.
>
> Headquartered in Cypress, California, Romeo is an energy storage technology company focused on designing and manufacturing lithium-ion battery modules and packs for commercial vehicle applications. As Romeo's largest customer, Nikola expects the acquisition will allow for significant operational improvement and cost reduction in battery pack production. The addition of Romeo's battery and battery management system (BMS) engineering capabilities are also expected to support accelerated product development and improved performance for Nikola customers.
>
> "Romeo has been a valued supplier to Nikola, and we are excited to further leverage their technological capabilities as the landscape for vehicle electrification grows more sophisticated. With control over the essential battery pack technologies and manufacturing process, we believe we will be able to accelerate the development of our electrification platform and better serve our customers," said Mark Russell, Nikola's Chief Executive Officer. "Given our strong relationship with Romeo and ongoing collaboration, we are confident in our ability to successfully integrate and deliver the many expected strategic and financial benefits of this acquisition. We look forward to creating a zero-emissions future together."
>
> Robert Mancini, Romeo Power's Chairman of the Board of Directors, added, "As Romeo's largest customer, Nikola has been a cornerstone of our development and growth, and this is a natural evolution of our relationship. Our products provide critical energy density important to heavy-duty vehicles, combined with safety performance and battery management software. Following an extensive review of alternatives, we firmly believe that this combination offers the best opportunity for Romeo shareholders to participate in the ongoing value creation at a larger scale, stronger combined company. It is exciting to see Romeo joining the Nikola family."
>
> **Compelling Strategic Rationale**

- Vertical integration and single product focus will drive significant operational improvement and cost reduction for one of the most expensive components of the bill of materials
- Integrated commercial vehicle electrification platform is expected to lead to manufacturing excellence and expected annual cost savings of up to $350 million by 2026; reduce non-cell related battery pack costs by 30-40% by the end of 2023
- An important strategic move for Nikola with minimal capital outlay that will bring Romeo's deep battery and BMS engineering capabilities in-house; expected to accelerate Nikola's product development, increase range and charge rates, and improve customer experiences
- Provides Nikola with domestic battery pack manufacturing capability, complementing Nikola's commitment to dual-source battery pack strategy to satisfy capacity needs
- Romeo has proven battery pack technologies and a significant battery cell supply agreement in place
- Nikola is Romeo's largest production customer, and the parties have strong ongoing engineering collaboration

**Exchange Offer**
The transaction has been approved by the Boards of Directors of both companies. Under the terms of the agreement, Nikola will commence an exchange offer to acquire all of the outstanding shares of Romeo common stock. Under the terms of the agreement, Romeo stockholders will receive 0.1186 of a share of Nikola common stock for each Romeo share, representing an equity value of approximately $144 million and 4.5% pro forma ownership of Nikola. The transaction is expected to be completed by the end of October 2022, subject to the tender by Romeo's stockholders of shares representing a majority of the outstanding Romeo common stock, and customary closing conditions, including regulatory approval. Upon the successful completion of the exchange offer, a newly-formed subsidiary of Nikola will be merged into Romeo, and any remaining shares of Romeo common stock that were not tendered in the exchange offer will be canceled and converted into the right to receive the same consideration payable in the exchange offer.

**Interim Liquidity Support**
Nikola has agreed to provide Romeo with $35 million in interim funding to facilitate continued operations through closing. Funding will consist of $15 million in senior secured notes and up to $20 million for a pack delivery incentive which is a temporary price increase for each pack delivered through expected transaction close. Additional liquidity support is available in the event the transaction closing is delayed.

**Investor Presentation**
A supplemental presentation regarding the transaction is available on the Investor Relations section of the Nikola website.

**Webcast and Conference Call Information**
Nikola will host a webcast for analysts and investors at 11:00 a.m. Eastern Time (8:00 a.m. Pacific Time) on August 1, 2022 at https://www.webcast-eqs.com/nikola20220801/en.

For those unable to participate in the live session, a recording of the webcast will be available on Nikola's Investor Relations website.

**Advisors**
Citigroup Global Markets Inc. acted as sole financial advisor to Nikola on the transaction, and Pillsbury Winthrop Shaw Pittman LLP served as legal advisor.
Morgan Stanley & Co. LLC acted as sole financial advisor to Romeo on the transaction, and Latham & Watkins LLP served as legal advisor.

**Nikola Annual Meeting of Stockholders**
Nikola's Annual Meeting of Stockholders is being held on Tuesday, August 2, 2022, at 3:00 p.m. Pacific Time. Nikola intends to file today a supplement to its proxy statement for the Annual Meeting. Nikola has sufficient shares of authorized but unissued common stock available to complete the proposed transition and will not need to use any of the share increase being considered at the Annual Meeting.

*The Materially Misleading and/or Incomplete Recommendation Statement*

32. On August 29, 2022, the Romeo Board caused to be filed with the SEC a materially misleading and incomplete Recommendation Statement, that in violation the Exchange Act, failed to provide Plaintiff in her capacity as a Company stockholder with material information and/or provides materially misleading information critical to the total mix of information available to Plaintiff concerning the financial and procedural fairness of the Proposed Transaction.

*Omissions and/or Material Misrepresentations Concerning the Sales Process leading up to the Proposed Transaction*

33. The Recommendation Statement fails to disclose material information concerning the process conducted by the Company and the events leading up to the Proposed Transaction. In particular, the Recommendation Statement fails to disclose:

    a. Adequate information as to why no collar mechanism was included as part of the transaction;

      b. Whether the terms of any confidentiality agreements entered during the sales process between Romeo on the one hand, and any other third party (including Nikola), if any, on the other hand, differed from one another, and if so, in what way;

      c. All specific conditions under which any standstill provision contained in any entered confidentiality agreement entered into between the Company and potentially interested third parties (including Nikola) throughout the sales process, if any, would fall away; and

      d. Communications regarding post-transaction employment during the negotiation of the underlying transaction.

*Omissions and/or Material Misrepresentations Concerning Romeo and Nikola's Financial Projections*

34. The Recommendation Statement fails to provide material information concerning financial projections for Romeo provided by Romeo management and relied upon by Morgan Stanley in its analyses. The Recommendation Statement discloses management-prepared financial projections for the Company which are materially misleading.

35. Notably, in connection with its fairness opinion rendered to the Company Board regarding the Proposed Transaction, Morgan Stanley notes that it reviewed, "certain internal financial statements and other financial and operating data concerning Romeo."

36. The Recommendation Statement, therefore, should have, but fails to provide, certain information in the projections that Romeo management provided to the Board and Morgan Stanley. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

37. With regard to *Romeo Projections – Case A* prepared by Romeo management, the

Recommendation Statement fails to disclose material line items for all projection metrics utilized in Morgan Stanley analyses:

    a. A definition for EBITDA, as well as the underlying inputs, metrics and assumptions used to determine this metric; and

    b. A definition for Free Cash Flow, as well as the underlying inputs, metrics and assumptions used to determine this metric.

38. With regard to *Romeo Projections – Case B* for Romeo prepared by Romeo management, the Recommendation Statement fails to disclose material line items for all projection metrics utilized in Morgan Stanley analyses:

    a. A definition for EBITDA, as well as the underlying inputs, metrics and assumptions used to determine this metric; and

    b. A definition for Free Cash Flow, as well as the underlying inputs, metrics and assumptions used to determine this metric.

39. The Recommendation Statement also fails to disclose a reconciliation of all non-GAAP to GAAP metrics utilized in the projections.

40. The Recommendation Statement also fails to provide the specific bases and adjustments upon which the assumptions underlying the various cases of projections rely.

41. The Recommendation Statement fails to disclose any material projection data for Nikola, despite the value of consideration being dependent upon the value of shares being exchanged.

42. This information is necessary to provide Plaintiff a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process.

43. Without accurate projection data presented in the Recommendation Statement, Plaintiff is unable to properly evaluate the Company's true worth, the accuracy of Morgan Stanley's financial analyses, or make an informed decision whether to tender his shares in favor

of the Proposed Transaction. As such, the Board is in violation of the Exchange Act by failing to include such information in the Recommendation Statement.

*Omissions and/or Material Misrepresentations Concerning the Financial Analyses by Morgan Stanley*

44. Morgan Stanley describes its fairness opinion and the various valuation analyses performed to render such opinion. However, the descriptions fail to include necessary underlying data, support for conclusions, or the existence of, or basis for, underlying assumptions. Without this information, one cannot replicate the analyses, confirm the valuations or evaluate the fairness opinions.

45. With respect to the *Public Trading Comparables Analysis.*, the Recommendation Statement fails to disclose:

    a. The inputs, metrics, and assumptions used to determine an AV/2023 Revenue multiple range of 0.50x – 0.90x;

    b. The inputs, metrics, and assumptions used to determine an AV/2024 Revenue multiple range of 0.10x – 0.40x;

    c. The Company's total debt;

    d. The Company's total cash; and

    e. The balance of the Company's cash equivalents.

46. With respect to the *Discounted Equity Value Analysis.*, the Recommendation Statement fails to disclose:

    a. The specific metrics for each company compared;

    b. The projected fully diluted share count for the Company;

    c. The inputs, metrics, and assumptions used to determine a discount rate range of 13.1%–15.1%;

    d. Romeo's estimated standalone calculated cost of equity; and

    e. The inputs, metrics, and assumptions used to determine AV/NTM EBITDA Multiple Ranges of 5.0x-7.0x.

47. With respect to the *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose the following:

    a. The value of Stock Based Compensation expense for the Company;

    b. The Company's net taxes;

    c. The Company's changes in net working capital;

    d. The value of Capital Expenditures;

    e. The inputs used for the changes in deferred taxes;

    f. The terminal value for the Company;

    g. The value of tax savings from net operating loss utilization;

    h. Romeo's net operating losses for each year analyzed;

    i. The inputs, metrics, and assumptions used to determine perpetuity growth rates of 2.0 percent to 4.0%;

    j. The specific inputs and assumptions used to determine a discount rate range of 13.1%-15.1%;

    k. The Company's weighted average cost of capital; and

    l. The Company's fully diluted share count.

48. With respect to the *Other information* section, the Recommendation Statement fails to disclose:

    a. The specific Wall Street analyst estimates consulted;

    b. The identity of the author and the firm that created the estimates consulted;

    c. The specific date on which each transaction compared closed; and

    d. The value of each transaction compared.

49. These disclosures are critical for Plaintiff to be able to make an informed decision on whether to tender her shares in favor of the Proposed Transaction.

50. Without the omitted information identified above, Plaintiff is missing critical information necessary to evaluate whether the proposed consideration truly maximizes her value and serves her interest as a stockholder. Moreover, without the key financial information and

related disclosures, Plaintiff cannot gauge the reliability of the fairness opinion and the Board's determination that the Proposed Transaction is in her best interests as a public Romeo stockholder. As such, the Board has violated the Exchange Act by failing to include such information in the Recommendation Statement.

### FIRST COUNT

### Violations of Section 14(e) of the Exchange Act

### (Against All Defendants)

51. Plaintiff repeats all previous allegations as if set forth in full herein.

52. Defendants have disseminated the Recommendation Statement with the intention of soliciting stockholders, including Plaintiff, to tender their shares in favor of the Proposed Transaction.

53. Section 14(e) of the Exchange Act provides that in the solicitation of shares in a tender offer, "[i]t shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading[.].

54. The Recommendation Statement was prepared in violation of Section 14(e) because it is materially misleading in numerous respects and omits material facts, including those set forth above. Moreover, in the exercise of reasonable care, Defendants knew or should have known that the Recommendation Statement is materially misleading and omits material facts that are necessary to render them non-misleading.

55. The Individual Defendants had actual knowledge or should have known of the misrepresentations and omissions of material facts set forth herein.

56. The Individual Defendants were at least negligent in filing a Recommendation Statement that was materially misleading and/or omitted material facts necessary to make the Recommendation Statement not misleading.

57. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to decide whether to tender

its shares on the basis of complete information if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer period regarding the Proposed Transaction.

58. Plaintiff has no adequate remedy at law.

## SECOND COUNT

## Violations of Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9

### (Against all Defendants)

59. Plaintiff repeats and realleges all previous allegations as if set forth in full herein.

60. Defendants have disseminated the Recommendation Statement with the intention of soliciting stockholders, including Plaintiff, to tender their shares in favor of the Proposed Transaction.

61. Section 14(d)(4) requires Defendants to make full and complete disclosure in connection with a tender offer.

62. SEC Rule 14d-9 requires a Company's directors to, furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading.

63. Here, the Recommendation Statement violates both Section 14(d)(4) and SEC Rule 14d-9 because it because it is materially misleading in numerous respects, omits material facts, including those set forth above and Defendants knowingly or recklessly omitted the material facts from the Recommendation Statement.

64. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to decide whether to tender his shares on the basis of complete information if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer period regarding the Proposed Transaction.

65. Plaintiff has no adequate remedy at law.

**THIRD COUNT**

**Violations of Section 20(a) of the Exchange Act**

**(Against all Individual Defendants)**

66. Plaintiff repeats all previous allegations as if set forth in full herein.

67. The Individual Defendants were privy to non-public information concerning the Company and its business and operations via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board meetings and committees thereof and via reports and other information provided to them in connection therewith. Because of their possession of such information, the Individual Defendants knew or should have known that the Recommendation Statement was materially misleading to Plaintiff in his capacity as a Company stockholder.

68. The Individual Defendants were involved in drafting, producing, reviewing and/or disseminating the materially false and misleading statements complained of herein. The Individual Defendants were aware or should have been aware that materially false and misleading statements were being issued by the Company in the Recommendation Statement and nevertheless approved, ratified and/or failed to correct those statements, in violation of federal securities laws. The Individual Defendants were able to, and did, control the contents of the Recommendation Statement. The Individual Defendants were provided with copies of, reviewed and approved, and/or signed the Recommendation Statement before its issuance and had the ability or opportunity to prevent its issuance or to cause it to be corrected.

69. The Individual Defendants also were able to, and did, directly or indirectly, control the conduct of Romeo' business, the information contained in its filings with the SEC, and its public statements. Because of their positions and access to material non-public information available to them but not the public, the Individual Defendants knew or should have known that the misrepresentations specified herein had not been properly disclosed to and were being concealed from Plaintiff and Company, and that the Recommendation Statement was misleading.

As a result, the Individual Defendants are responsible for the accuracy of the Recommendation Statement and are therefore responsible and liable for the misrepresentations contained herein.

70. The Individual Defendants acted as controlling persons of Romeo within the meaning of Section 20(a) of the Exchange Act. By reason of their position with the Company, the Individual Defendants had the power and authority to cause Romeo to engage in the wrongful conduct complained of herein. The Individual Defendants controlled Romeo and all of its employees. As alleged above, Romeo is a primary violator of Section 14 of the Exchange Act and SEC Rule 14a-9. By reason of their conduct, the Individual Defendants are liable pursuant to section 20(a) of the Exchange Act.

WHEREFORE, Plaintiff demands injunctive relief, in her favor and against the Defendants, as follows:

A. Enjoining the Proposed Transaction;

B. In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to comply with the Exchange Act and to disseminate a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: September 2, 2022					**BRODSKY & SMITH**

By: */s/ Evan J. Smith*
Evan J. Smith, Esquire (SBN 242352)
esmith@brodskysmith.com
Ryan P. Cardona, Esquire (SBN 302113)
rcardona@brodskysmith.com
9595 Wilshire Blvd., Ste. 900
Phone: (877) 534-2590
Facsimile (310) 247-0160

*Attorneys for Plaintiff*

**OF COUNSEL**

Douglas Risen
Risen Law, LLC
1900 JFK Blvd., Suite 910
Philadelphia, PA 19103
Phone: 215.201.2824
drisen@comcast.net